**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

FRANCISCO J. ALDANA, *et al.*,
Plaintiffs,

v.

ROBERT CRAIG CLARK, *et al.*,
Defendants.

Case No. 20-cv-349-BAS-BGS

**ORDER REMANDING CASE**

On December 12, 2018, Plaintiffs Francisco J. Aldana and the Law Offices of Francisco Javier Aldana filed a civil action in California state court against Robert Craig Clark and Clark & Treglio for (1) breach of written contract, (2) money had and received, (3) restitution, (4) unjust enrichment, and (5) imposition of a constructive trust. The civil action seeks to enforce an alleged fee sharing agreement that arises out of Plaintiffs' and Defendants' representation of plaintiffs in a class action lawsuit entitled *Arellano, et al. v. Kellermeyer Building Services*, Case No. 13-cv-0533-BAS-BGS ("*Arellano*") that was adjudicated before this Court. Defendants removed the case to this Court in February 2020. ("Not. Removal," ECF No. 1.) The Court ordered Defendants to show cause why removal was proper—specifically, why this Court has subject matter jurisdiction over this case and why

removal was timely. (ECF No. 14.) Defendants responded. ("Response," ECF No. 15.)[1]

## I. LEGAL STANDARD

"The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

It is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Inv'rs Life*

---

[1] As to the issue of timeliness, Defendants point out that Plaintiffs never served Defendant Clark & Treglio with process in the state court case. (Response at 3 (citing transcript of state court proceedings).) "[E]ach defendant is entitled to thirty days to exercise his removal rights after being served." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011). If a plaintiff does not effect service of process on a party, plaintiff never starts the clock running for that party's removal. *In re Johnson & Johnson Cases*, No. 215-cv-05311JGBSPX, 2015 WL 5050530, at *9 (C.D. Cal. Aug. 24, 2015). Thus, removal was timely, and the Court only analyzes the issue of subject matter jurisdiction.

*Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue sua sponte. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984).

**II. ANALYSIS**

In the parties' Settlement Agreement, counsel agreed that 58% of the attorney fee award was to be paid to counsel for Portillo, and 42% is to be paid to counsel for Arellano. (*Arellano*, ECF No. 59-1, at 9.) The Court issued an order granting the Motion for Final Approval of Class Action Settlement and Motions for Attorneys' Fees and Costs, Enhancement Awards, and Settlement Administration. (*Arellano*, ECF No. 62.) In the order, the Court approved the requested reasonable attorney fees in the amount of $675,000 and noted the 58%/42% split based on the agreement between counsel. (*Arellano*, ECF No. 62, at 6.) Defendants claim that Plaintiffs here "are now seeking to enforce the alleged fee agreement to split fees 50/50." (Response at 6.) Defendants claim the Court has jurisdiction over this fee dispute due to the language of the Settlement Agreement and Court's order.

The Settlement Agreement states: "[t]he court has jurisdiction over this case and shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement Agreement." (*Arellano*, ECF No. 54-2.) The Court's order states: "[w]ithout affecting the finality of this order and judgment, this Court shall retain exclusive and continuing jurisdiction over this action and the Parties for purposes of supervising, administering, implementing, enforcing and interpreting, the Agreement and the claims process established therein." (*Arellano*, ECF No. 62.)

Defendants point out that they stipulated to the Court retaining exclusive and continuing jurisdiction over the Agreement, including the issue of attorney fees. (Response at 2.) But simply because parties stipulate to something does not confer any burden on the Court, instead, the Court must look to the language of its own

order. Indeed, the issue of the division of fees set forth in the Settlement Agreement involves implementation and interpretation of the Agreement. But the Court retained jurisdiction "over this action and the Parties for purposes of" interpreting and implementing the Settlement Agreement. (*Arellano*, ECF No. 62, at 6–7 (emphasis added).) The Court did not retain jurisdiction over issues between the attorneys in the case, even though those issues relate to the Agreement. The present case does not concern the parties from *Arellano* or the action itself; nothing about the resolution of the class action depends on the resolution of the fee dispute. The Court finds it did not retain jurisdiction over a fee dispute between counsel.

The Court must also consider ancillary jurisdiction. Courts can exercise ancillary jurisdiction over attorneys' fee disputes as being collateral to the underlying litigation. Such ancillary jurisdiction "exists even after the underlying litigation has concluded." *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 968 (9th Cir. 2014). This is true even if the court does not "explicitly 'retain' ancillary jurisdiction to adjudicate a post judgment motion for attorney's fees." *Id.* at 970. But "the exercise of ancillary jurisdiction over an attorney's fees dispute is discretionary." *Id.* at 971.

In deciding whether to exercise ancillary jurisdiction, a district court should consider whether exercising such jurisdiction would "permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent;" and "enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379–80 (1994) (citations omitted). The first purpose has been codified as part of supplemental jurisdiction in 28 U.S.C. § 1367. *Torlakson*, 762 F.3d at 966. The Court finds an exercise of ancillary jurisdiction would not serve the second purpose. Although the Court is familiar with the *Arellano* litigation, the case closed over five years ago and the present dispute is unrelated to the merits of that case. Further, this matter involves breach of contract and other state court claims that could be resolved in state court. As the *Torlakson* court noted:

> It bears repeating that Plaintiffs are seeking attorneys' fees [for their monitoring of post-settlement compliance] pursuant to federal law. This is not an attorney-client fee dispute that could be resolved in state court as a breach of contract claim. . . . "[t]he purpose of the ancillary jurisdiction of the federal courts . . . is to enable a federal court to render a judgment that resolves the entire case before it and to effectuate its judgment once it has been rendered. It is not to enable a federal court to encroach on the jurisdiction reserved to the states merely because the parties would prefer to have a federal court resolve their future disputes. . . ."

762 F.3d at 969 (citation omitted).

This applies here. It cannot be said that resolution of this matter would be permitting the Court to "effectuate its decrees" because, as mentioned above, the Court's order in *Arellano* does not concern counsel's fee splitting issues. *See Tamosaitis v. URS Corp.*, No. CV-11-5157-LRS, 2016 WL 236230, at 2 (E.D. Wash. Jan. 20, 2016) (declining to exercise ancillary jurisdiction over fee dispute when a settlement had been reached and the fee dispute "did not arise as a matter of necessity from anything which occurred in the underlying proceedings" (quotation omitted)); *see also Young v. Wolfe*, No. CV0703190RSWLAJWX, 2018 WL 3414049, at *1 (C.D. Cal. July 10, 2018) (same). After considering the above case law, the Court declines to exercise ancillary jurisdiction over this case and **REMANDS** this matter to California state court.

**IT IS SO ORDERED**

**DATED: June 22, 2020**

**Hon. Cynthia Bashant**
**United States District Judge**